# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| McDonald Construction, Inc., a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>Raymond and Kimberly Oborn, husband and wife, and Tushie-Montgomery Associates, Inc., a Minnesota corporation<br><br>Defendants. | Case No. 15-cv-3126 (JRT/TNL)<br><br>**REPORT AND RECOMMENDATION** |

Keith S. Moheban and Benjamin D. Eastburn, Stinson Leonard Street LLP, 150 South 5th Street, Suite 2300, Minneapolis, MN 55402 (for Plaintiff);

Dustin D. Fossey, Fossey Law Firm, PLLC, P.O. Box 24357, Edina, MN 55424 (for Defendants Raymond and Kimberly Oborn); and

Kristine M. Boylan, Michael M. Sawers, and John M. Degnan, Briggs & Morgan, PA, 80 South 8th Street, Suite 2200, Minneapolis, MN 55402 (for Defendant Tushie-Montgomery Associates, Inc.).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Tushie-Montgomery Associates, Inc.'s Motion for Judgment on the Pleadings, (ECF No. 13), and Defendants Raymond and Kimberly Oborn's Joinder in Motion for Judgment on the Pleadings, (ECF No. 32). These motions have been referred to the undersigned for a report and recommendation to the Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636

(b)(1)(B). (ECF No. 44). For the reasons set forth below, this Court recommends that Defendants' motions be **DENIED**.

## I. INTRODUCTION

### A. Procedural Posture: Rule 12(c) Motion

Plaintiff McDonald Construction, Inc. ("McDonald") filed suit alleging Defendant Tushie-Montgomery Associates, Inc. ("Tushie-Montgomery") and Defendants Raymond and Kimberly Oborn ("The Oborns") violated copyright law. (ECF No. 1). Tushie-Montgomery filed its answer and asserted a crossclaim of indemnification and contribution against the Oborns. (ECF No. 8).[1] The Oborns filed their answer and asserted an indemnification and contribution crossclaim against Tushie-Montgomery. (ECF No. 10). Tushie-Montgomery moved for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (ECF No. 13). The Oborns joined this motion. (ECF No. 32).

Under Rule 12(c), "a party may move for judgment on the pleadings" after pleadings are closed, but early enough not to delay trial. When considering a motion for judgment on the pleadings, the Court accepts as true all facts pleaded by the non-moving party and grants reasonable inferences from the pleadings in the non-moving party's favor, but need not accept conclusory allegations of law. *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (citations omitted); *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002). "Judgment on the pleadings is appropriate if there is

---

[1] In a Stipulation filed by the parties, briefly discussed in § II(B) *infra*, Tushie-Montgomery will be amending its pleadings to assert two counterclaims against McDonald: Declaration of Invalidity and Declaration of Noninfringement. (ECF No. 46). These claims were not present at the time the motions for judgment on the pleadings were made and are not material to the Court's decision.

no material issue of fact to be resolved and the moving party is entitled to judgment as a matter of law." *Buddy Bean Lumber Co. v. Axis Surplus Ins. Co.*, 715 F.3d 695, 697 (8th Cir. 2013) (citing *Thach v. Tiger Corp.*, 609 F.3d 955, 957 (8th Cir. 2010)).

Courts "generally may not consider materials outside the pleadings when deciding a motion . . . for judgment on the pleadings." *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). A court, "may, however, consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Greenman*, 787 F.3d at 887 (citing *Porous Media*, 186 F.3d at 1079). Thus, a court "may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (citing *Porous Media*, 186 F.3d at 1079). "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)). If, on a Rule 12(c) motion, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . ." Fed. R. Civ. P. 12(d). If the Court converts the Rule 12(c) motion into a Rule 56 motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

Here, all parties have submitted or referenced materials outside the pleadings. (*See, e.g.*, Tushie-Montgomery's Mem. of Law, at 8–9, n. 1, ECF No. 15; Decl. of Gary Tushie, ECF No. 16; Decl. of Keith S. Moheban, ECF No. 37; Decl. of Teresa St. Amant, ECF No. 38). These are not documents necessarily embraced by the pleadings, matters of public record, or attached to the pleadings. While some parts of the submitted affidavits do not ineluctably contradict the complaint, the veracity of the affiants has not been tested. The Court does not find it appropriate that the parties would submit such materials when the parties have elected to engage in the particular choice of a Rule 12(c) motion. Given that this is a motion for judgment on the pleadings, the Court will only consider the pleadings themselves. Therefore, the Court declines to consider the additional materials submitted by all parties. Because the Court declines to consider this information, this remains a motion for judgment on the pleadings and does not convert into a summary judgment motion. *See* Fed. R. Civ. P. 12(d).

### B. Facts Embraced by the Pleadings

McDonald is a residential home building company. (Compl. ¶¶ 1, 6, ECF No. 1). McDonald has built several homes using its "Terra Vista Model #1" design plans. (Compl. ¶¶ 7, 8). Homes built using this design plan sell for prices starting at $670,000. (Compl. ¶ 21). McDonald has sought copyright registration for the Terra Vista Model #1 design plans from the United States Copyright Office. (Compl. ¶¶ 7, 24).

The Oborns held discussions with McDonald for the purchase of a model home built by McDonald in Plymouth, Minnesota pursuant to the Terra Vista Model #1 design plans. (Compl. ¶ 10, Ex. A). During these discussions with McDonald, the Oborns visited

4

and walked through the Plymouth model home, took photographs of the interior while on the walkthrough, viewed the design plans, and possessed handouts depicting the floor plan. (Compl. ¶¶ 10, 14; Oborns Ans. ¶ 10, ECF No. 10). The Oborns and McDonald executed a purchase agreement for the Plymouth model home on April 25, 2013. (Compl. ¶ 11; Oborns Ans. ¶ 10). At the Oborns' request, McDonald emailed a copy of "some or all" of the Terra Vista Model #1 design plans to the Oborns. (Compl. ¶ 12; Oborns Ans. ¶ 12). McDonald also emailed the Oborns information on the type and color of finishes and paint used in the Plymouth home. (Compl. ¶ 12; Oborns Ans. ¶ 12). On June 24, 2013, the Oborns cancelled the purchase agreement. (Compl. ¶ 13; Oborns Ans. ¶ 13). McDonald then refunded earnest money that the Oborns deposited pursuant to the purchase agreement. (Compl. ¶ 13).

The Oborns, at some point in time, shared a copy of the Terra Vista Model #1 design plans with Tushie-Montgomery. (Compl. ¶ 14; Tushie-Montgomery Cross-Cl. ¶ 2, ECF No. 8). Tushie-Montgomery then created plans for a home for the Oborns. (Compl. ¶ 15; Oborns Cross-Cl. ¶ 1, ECF No. 10; Tushie-Montgomery Ans. to Oborns Cross-Cl. ¶ 2, ECF No. 12). The Oborns then used plans created by Tushie-Montgomery to build a home in Chaska, Minnesota. (Compl. ¶¶ 4, 15, Ex. A; Tushie-Montgomery Cross-Cl. ¶ 2).

McDonald alleges that the Chaska home is substantially similar to the Plymouth home. (Compl. ¶¶ 16, 17). The front of the home and how it appears from the street is "strikingly similar." (Compl. ¶ 16). McDonald further alleges that the overall floor plan, arrangement of rooms, details of features, dimensions, and specifications are "essentially

5

identical." (Compl. ¶ 16). McDonald lists examples of similarity: four-car garage with attached gymnasium; dining room that opens to a great room, separated only by columns; cross-beams in the study; arch of the great room; similar stone and color pattern on the fireplace, as well as its arching; floor plan of the main floor; double refrigerator with similar staining color; layout and dimensions of two bedrooms; and similar entrance to a bedroom off the staircase. (Compl. ¶ 16). McDonald asserts that these similarities show the Oborns and Tushie-Montgomery have copied the Terra Vista Model #1 design plans to create the Chaska home. (Compl. ¶¶ 18, 19, 25). Neither the Oborns nor Tushie-Montgomery have received authorization or a license from McDonald to use the Terra Vista Model #1 design plans. (Compl. ¶ 20). Based on this, McDonald filed suit, alleging one count of copyright infringement against the Oborns and Tushie-Montgomery. (Compl. ¶¶ 22–28).

## II.   ANALYSIS

As noted above, judgment on the pleadings is appropriate if there is no material issue of fact to be resolved and the moving party is entitled to judgment as a matter of law." *Buddy Bean Lumber*, 715 F.3d at 697 (citing *Thach*, 609 F.3d at 957). Here, Plaintiff has brought a single claim: copyright infringement.

### A.  Copyright Infringement

To establish copyright infringement, McDonald must show ownership of a valid copyright and that Defendants copied original elements of its work. *Mulcahy v. Cheetah Learning LLC*, 386 F.3d 849, 852 (8th Cir. 2004) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Subject to certain exceptions, the copyright owner

may not sue for infringement under the federal Copyright Act until the owner has delivered "the deposit, application, and fee required for registration" to the United States Copyright Office. 17 U.S.C § 411(a); *Reed Elsevier, Inc. v. Muchnick*, 568 U.S. 154, 157 (2010); *Action Tapes, Inc. v. Mattson*, 462 F.3d 1010, 1013 (8th Cir. 2006). Failure to comply with this requirement, however, does not deprive a federal court of its subject-matter jurisdiction. *Reed Elsevier*, 568 U.S. at 166.

Tushie-Montgomery argues that because McDonald did not provide the copyright registration with its pleadings, its claim must fail. McDonald has alleged it has sought copyright registration for the Terra Vista Model #1 design plans from the U.S. Copyright Office. *See Tri-Marketing, Inc. v. Mainstream Mktg. Servs., Inc.*, Case No. 09-cv-13 (DWF/RLE), 2009 WL 1408741, at *3 (D. Minn. May 19, 2009) (delivery of "deposit, application, and fee required for the registration of the asserted copyrights" sufficient to provide court jurisdiction over copyright claims). *But see Asche & Spencer Music, Inc. v. Principato-Young Entm't, Inc.*, Case No. 15-cv-3305 (DSD/HB), ___ F.Supp.3d ___, 2015 WL 7573884, at *2 (D. Minn. Nov. 24, 2015) (holding that "a plaintiff cannot file a civil action for copyright infringement until it has either (1) obtained registration from the Copyright Office or (2) been denied such registration."). In this litigation, McDonald will need to show that it has met the prerequisites for bringing a copyright infringement suit. At this stage in the proceedings, however, McDonald's allegation that it has sought registration is sufficient to survive challenge given the inferences permitted on a motion for judgment on the pleadings. *See Am. Inst. of Physics v. Schwegman Lundberg & Woessner, P.A.*, Case No. 12-cv-528 (RHK/JJK), 2012 WL 3799647, at *2 (D. Minn.

July 2, 2012) (There is "no reason to foist such a requirement [of providing a registration certificate] onto plaintiffs as opposed to simply *pleading* ownership of the copyright, an allegation the Court 'must accept' as true at the motion-to-dismiss stage.") (emphasis in original). Thus, McDonald has sufficiently pleaded that it has complied with 17 U.S.C § 411(a).

### 1. Copyright Ownership

A copyright in a work "subsists from its creation." 17 U.S.C. § 302(a). Copyright protection extends to all "original works of authorship fixed in any tangible medium" of expression, including architectural works. 17 U.S.C. § 102(a). Under the Copyright Act, an "architectural work" is "the design of a building[2] as embodied in any tangible medium of expression, including a building, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features." 17 U.S.C. § 101. "Standard configurations of spaces, and individual standard features, such as windows, doors, and other staple building components" cannot be registered under the Copyright Act. 37 C.F.R. § 202.11(d)(2); *CSM Investors, Inc. v. Everest Dev., Ltd.*, 840 F.Supp. 1304, 1310 (D. Minn. 1994) ("[T]he use of standard structural elements and the concept of a one-story office showroom are not copyrightable" but "the combination and arrangement of elements and the particular building design" can be "afforded copyright protection."); *see*

---

[2] "The term building means humanly habitable structures that are intended to be both permanent and stationary, such as houses and office buildings, and other permanent and stationary structures designed for human occupancy, including but not limited to churches, museums, gazebos, and garden pavilions." 37 C.F.R. § 202.11(b)(2).

*Nucor Corp. v. Tennessee Forging Steel Serv., Inc.*, 476 F.2d 386, 390 (8th Cir. 1973) ("While the concept of a T-shaped building is not entitled to copyright protection, detailed plans and drawings of a specific building are.").

Defendants assert that McDonald can have no copyright in the Terra Vista Model #1 design plans because it merely comprises of standard design features or a compilation[3] of standard design features. McDonald has alleged that the front exterior of the home, overall floor plan, including the arrangement of rooms, dimensions, and specifications, and details of features used in the home have been infringed. McDonald then lists examples of specific portions of the Terra Vista Model #1 design plans that it alleges have been copied by Defendants, including the garage with attached gymnasium, columns as the separator between the great room and dining room, cross-beams in the study, arch of the great room, fireplace details, refrigerator details, bedroom layouts, main floor layout, and layout of another bedroom with the staircase. Defendants point to each of these examples and argue they constitute standard design features that are not subject to copyright.

The Court disagrees with Defendants' characterization for the purposes of this motion. It is clear that McDonald alleged it holds copyright over the design plans for the *entire* home and listed specific examples from within the home that demonstrate copying of those plans. The case law is clear in that "the combination and arrangement of elements and the particular building design" can be "afforded copyright protection." *CSM*

---

[3] A "compilation" is "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship. The term 'compilation' includes collective works." 17 U.S.C. § 101.

9

*Investors*, 840 F.Supp. at 1310. McDonald is not alleging that it holds copyright on the idea of including a gymnasium attached to a garage or a specific bedroom layout. Instead, McDonald is claiming copyright in the entirety of the Terra Vista Model #1 design plans. Pointing out specific traits of the Terra Vista Model #1 design plans does not serve to turn it into an uncopyrightable compilation of standard design features. It should not be unexpected that tangible medium can be broken into individual constituent components. But, it is the relative combination, design, composition, and spacing of what may otherwise be standard features, colors, materials, and components that impart creative expression. For purposes of this motion, McDonald has sufficiently pleaded that the Terra Vista Model #1 design plans constitute such creative expression. Therefore, the Court concludes that McDonald has properly alleged that it can hold copyright in the Terra Vista Model #1 design plans. *See Nucor Corp.*, 476 F.2d at 390 ("[D]etailed plans and drawings of a specific building are" entitled to copyright protection.).

### 2.     Copying

To establish copying in the absence of direct evidence, McDonald must show: (1) Defendants had access to copyrighted designs and (2) there is substantial similarity between the designs. *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 964 (8th Cir. 2005) (citing *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 120 (8th Cir. 1987)); *Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 731 (8th Cir. 2006). With regard to substantial similarity, the Eighth Circuit

> applies a two-step analysis—an extrinsic test and an intrinsic test—to determine substantial similarity: "First, similarity of ideas is analyzed extrinsically, focusing on objective similarities in the details of the works.

> Second, if there is substantial similarity in ideas, similarity of expression is evaluated using an intrinsic test depending on the response of the ordinary, reasonable person to the forms of expression."

*Taylor Corp.*, 403 F.3d at 966 (quoting *Hartman*, 833 F.2d at 120); *Rottlund*, 452 F.3d at 731. The extrinsic test depends "on such objective criteria as 'the type of artwork involved, the materials used, the subject matter, and the setting for the subject.'" *Nelson v. PRN Productions, Inc.*, 873 F.2d 1141, 1143 (8th Cir. 1989) (quoting *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1164 (9th Cir. 1977)). "In applying the 'intrinsic' step," courts ask "whether the ordinary, reasonable observer would find the works, taken as a whole, to be substantially similar." *Taylor Corp.*, at 966 (citing *Hartman*, 833 F.2d at 120). It is "improper to perform analytic dissection, or 'filtering,' when conducting the 'intrinsic' step." *Taylor Corp.*, at 966 (citing *Dr. Seuss Enters. v. Penguin Books USA, Inc.* 109 F.3d 1394, 1399 (9th Cir. 1997)).

McDonald has alleged that Defendants had access to the Terra Vista Model #1 design plans. In discussions related to their purchase of the Plymouth home, the Oborns received copies of the Terra Vista Model #1 design plans from McDonald and viewed and photographed the Plymouth home. The Oborns then shared those plans with Tushie-Montgomery. Therefore, the Court concludes that McDonald has properly alleged Defendants had access to the copyrighted work.

As noted above, McDonald has alleged that the front exterior of the home, overall floor plan, including the arrangement of rooms, dimensions, and specifications, and details of features used in the home have been infringed. McDonald then lists ten

examples of specific portions of the Terra Vista Model #1 design plans that it alleges have been copied by Defendants. McDonald also provided a photograph of the front exteriors of both the Plymouth and Chaska homes. Defendants have sought judgment on the pleadings. Courts have been hesitant to consider questions of substantial similarity even on summary judgment grounds. *Hartman*, 833 F.2d at 120 ("Summary judgment is not favored, but when substantial similarity is the sole issue it is appropriate if the works are so dissimilar that reasonable minds could not differ as to the absence of substantial similarity in expression.") (quotation omitted); *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1296 (D.C. Cir. 2002) (Because "substantial similarity is customarily an extremely close question of fact, summary judgment has traditionally been frowned upon in copyright litigation.") (quoting *Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 977 (2d Cir. 1980) and citing *Wickham v. Knoxville Int'l Energy Exposition, Inc.*, 739 F.2d 1094, 1097 (6th Cir. 1984)); *see also Blehm v. Jacobs*, 702 F.3d 1193, 1203 (10th Cir. 2012) (discussing the "outer limits of substantial similarity"). This case does not present with facts that are on the "outer limits" of substantial similarity or where the homes are so dissimilar that reasonable minds could not differ. Because courts frown upon making such a determination at the summary judgment stage, this Court declines to undertake a rigorous examination of the similarities of the Plymouth and Chaska homes where Defendants have sought judgment on the pleadings. Instead, this Court finds that McDonald's pleadings have sufficiently asserted that the homes are substantially similar.

In sum, McDonald has sufficiently pleaded its claim for copyright infringement so as to withstand Defendants' motions for judgment on the pleadings. Therefore, this Court recommends denying Defendants' motions.

### B. Additional Argument

An additional matter requires the Court's attention. McDonald, in its memorandum opposing Defendants' motion, spontaneously addresses damages it believes are available in this case. McDonald argues that it is entitled to the *full* profit margin on the Plymouth home. The Oborns assert that this opens the matter for judicial determination of the measure of damages. This matter is not properly presented in a motion for judgment on the pleadings, so the Court declines to address it.[4]

[Continued on next page.]

---

[4] Given the certain high costs of litigation in contrast to the uncertainties regarding the potential or limitation of damages in this case, the parties are well advised to consult with their respective counsel to obtain (1) a budget for attorney's fees and costs through trial and potential appeal and (2) a candid assessment of the probability of winning on liability and the most likely amount of damages.

A copyright owner may recover "the actual damages suffered by him or her as a result of the infringement" in addition to "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). "Actual damages *may* include, among other things, lost profits." *U.S. Home Corp. v. R.A. Kot Homes, Inc.*, 563 F.Supp.2d 971, 976 (D. Minn. 2008) (citing *Mary Ellen Enterprises v. Camex, Inc.*, 68 F.3d 1065, 1070 (8th Cir. 1995)) (emphasis added); *see Nucor Corp.*, 513 F.2d at 153 n. 3 ("'Fair value' is the market value of the architectural plans," not "that portion of the market value normally allocable to architectural supervision during construction.") (citations omitted).

### III. RECOMMENDATION

Based on the above and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Tushie-Montgomery Associates, Inc.'s Motion for Judgment on the Pleadings, (ECF No. 13), be **DENIED**.

2. Defendants Raymond and Kimberly Oborn's Joinder in Motion for Judgment on the Pleadings, (ECF No. 32), be **DENIED**.

Date: May 19, 2016
                                              *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*McDonald Construction v. Oborn et al.*
Case No. 15-cv-3126 (JRT/TNL)

### NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.